IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER GIBBS**, | ) | CIVIL ACTION NO. 18-1563 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **CITY OF PITTSBURGH.** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Pending before the court is a motion to dismiss this case in its entirety (ECF No. 5) filed by defendant City of Pittsburgh (the "City"), with brief in support. Plaintiff Christopher Gibbs ("Gibbs") filed a brief in opposition to the motion (ECF No. 11), the City filed a reply brief (ECF No. 18), the court held a hearing and entertained oral argument, and the motion is ripe for decision.

Factual and Procedural Background

The facts are taken from the complaint (ECF No. 1) and are accepted as true for the purpose of resolving the motion to dismiss. Gibbs is a U.S. Marine Corps. veteran with a documented diagnosis of Attention Deficit Hyperactivity Disorder ("ADHD"). He is prescribed medication for his ADHD. Gibbs was a highly decorated Marine, who became an exemplary law enforcement officer in Ohio. Gibbs has no history of problematic behaviors while on or off-duty during his military service or any other service while employed in any police organization. Complaint ¶ 34. The City "knew that his ADHD had never previously rendered him unqualified for any position in the military or law enforcement and, to the contrary, that Mr. Gibbs excelled in both these fields." Complaint ¶ 37.

1

When his wife was transferred to Pittsburgh, Pennsylvania, Gibbs applied for a police officer position with the City and scored 14th of 550 on the written exam. Gibbs received a conditional offer of employment, contingent upon successful completion of a psychological examination. The court takes judicial notice that this psychological exam is required by state law, 37 Pa. Code § 203.11(a)(7). *See Cook v. City of Phila.*, 649 F. App'x 174 (3d Cir. 2016).

The complaint described the policy governing the psychological assessment. After a written test, the candidate meets with a psychologist for a personal one on one interview. The only outcomes are "recommended" or "not recommended." If the psychologist determines the candidate is "not recommended," a second interview will be scheduled with a different psychologist. If the second reviewer determines that the candidate is "recommended" (resulting in a split determination), the case goes to a panel consisting of the two psychologists involved in the case and a third psychologist appointed by the Chief Civil Service psychologist. All case materials are made available to the panel. The panel's decision must be unanimous and is final. Complaint ¶ 25. The complaint does not contain any averments about how the psychologists were selected to evaluate Gibbs. There are no allegations that the City attempted to influence the psychologists' decisions or took a position regarding Gibbs' ADHD.

Gibbs "did not pass the psychological interview." Complaint ¶ 27. There were three psychologist interviews. Gibbs was not recommended by the first psychologist, was recommended by the second psychologist, and was not recommended by the third psychologist. Complaint ¶ 28. The City knew that Gibbs has ADHD and the psychologists asked questions specifically about his ADHD. When his job offer was revoked, the City told him only that he failed the psychological exam. Complaint ¶ 32. Gibbs "subsequently learned" that the City deemed him unfit because of his ADHD, Complaint ¶ 35, although facts about the basis for this belief were not pleaded.

2

Other law enforcement agencies in Pennsylvania, using the same standardized psychological criteria (MMPI-2), have deemed Gibbs fit to serve. Gibbs is now working as a police officer for Harmar Township.

Gibbs asserts claims under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act ("RA"), 29 U.S.C. § 701 et seq.

Standard of Review

As set forth in Connelly v. Lane Const. Corp., 809 F.3d 780, 786-87 (3d Cir. 2016):

A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." But detailed pleading is not generally required. The Rules demand "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir. 2010). Although the plausibility standard "does not impose a probability requirement," Twombly, 550 U.S. at 556, it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678. A complaint that pleads facts "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief." Id. (citation and internal quotation marks omitted). The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679; see also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

3

At the final step, the court is to assume all well-pled allegations to be true, construe those allegations in the light most favorable to the plaintiff, draw all reasonable inferences from them in favor of plaintiff, and ask whether they "raise a reasonable expectation that discovery will reveal evidence" to support the legal claim being asserted. Id. at *7.

Legal Analysis

The elements of claims under the ADA and RA are essentially identical, although an RA claim includes the additional requirement that the program or activity from which the plaintiff is excluded receives federal financial assistance. *McDonald v. Com. of Pa., Dep't of Pub. Welfare, Polk Ctr.*, 62 F.3d 92, 95 (3d Cir. 1995). To establish a prima facie case of discrimination, a plaintiff must show (1) that he is disabled within the meaning of the ADA, (2) that he is otherwise qualified for the job, with or without reasonable accommodations, and (3) that he was subjected to an adverse employment decision as a result of discrimination. *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010).

The City moves to dismiss the complaint, arguing: (1) Gibbs is not "disabled"; (2) Gibbs is not "qualified" because the City is permitted, pursuant to 42 U.S.C. § 12112(d)(3), to condition employment on a medical exam when the inquiry is related to his ability to perform job-related functions; and (3) in any event, he is not entitled to punitive damages, based on *Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (punitive damages may not be awarded in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act). Plaintiff did not contest dismissal of the claim for punitive damages.

The gist of the City's argument is that it gave Gibbs the standard, state-required psychological exam and he did not successfully complete the psychological exam. Because the complaint admits that Gibbs did not pass the psychological exam, ¶¶ 27-28, he is not "qualified."

The City argues it did not discriminate against Gibbs based on his alleged disability and did not regard him as disabled; rather, it simply followed the recommendation of the psychologists it hired to determine police officer candidates' fitness for duty. *See Cook*, 649 F. App'x at 174 (rejecting similar claims by police officer candidate who failed psychological exam). The City also argues that because Gibbs' ADHD is controlled by medication, he is not "disabled."

Gibbs argues, in essence, that he pleaded enough facts to raise plausible claims at the pleading stage, i.e., a reasonable inference of discrimination based on his disability, record of disability, or regarded as disability. He relies on the district court's opinion in *Cook v. City of Philadelphia*, 94 F. Supp.3d 640 (E.D. Pa. 2015) (denying a motion to dismiss). Plaintiff argues that the City intentionally used the psychological evaluation to deny employment to candidates like Gibbs (who had a disability or whom the City regarded as disabled.) Complaint ¶ 39. The complaint, however, contains no factual allegations about the psychological testing performed in this case (other than the 2-1 vote), or any factual allegations of bias by the City in selecting or influencing the examining psychologists. He alleges only that <u>different</u> police departments found him qualified. The court concludes that Gibbs failed to plead cognizable claims.

A. Gibbs is not "qualified"

The ADA and RA claims, as pled, must fail because on the face of the complaint, Gibbs is not "qualified." Pennsylvania state law mandates passage of a psychological examination as a prerequisite to employment as a police officer. 37 Pa. Code § 203.11(a)(7) ("persons who are to be employed as police officers by police departments within this Commonwealth from December 21, 1996, shall: . . . (7) Be personally examined by a Pennsylvania licensed psychologist and found to be psychologically capable to exercise appropriate judgment or restraint in performing the duties of a police officer"). Gibbs concedes in the complaint that "he did not pass the psychological interview." Complaint ¶ 27.

5

Gibbs argues that the City was required to make an individualized assessment about whether he could perform the essential functions of the job, prior to withdrawing its employment offer. The court is not persuaded - the City, by law, could NOT hire Gibbs (even if he could perform the job) because he did not pass the psychological exam. 37 Pa. Code § 203.11(a)(7). The Pennsylvania legislature made passage of the psychological exam a required prerequisite for the job. Gibbs did not meet it.

In *Cook v. City of Philadelphia*, the court rejected similar claims. A police officer candidate received a conditional offer of employment, but an examining psychologist deemed him unfit for service. Mr. Cook brought ADA and RA claims. The district court denied a motion to dismiss, but later granted summary judgment in favor of the city. The court of appeals affirmed, holding that Mr. Cook did not demonstrate he was qualified for the position. 649 App'x at 174. To be "qualified," the individual must (1) satisfy the prerequisites for the position; **_and_** (2) be able to perform the essential functions of the position. 649 F. App'x at 176 (emphasis added). The court explained:

> Cook argues that "apart from Dr. Rosenberg's subjective opinion ... he was qualified for the position." This misses the point. Pennsylvania state law requires every police candidate be certified by a psychologist to ensure they are "psychologically capable to exercise appropriate judgment or restraint in performing the duties of a police officer." Cook failed to meet this requirement and has suggested no reasonable accommodation with which he would be qualified for the position of police officer. Other than blanket allegations, he has failed to articulate any facts that would support a claim of bias in the statutorily-required psychological examination. Such screening is "job-related" and "consistent with business necessity where the selection of individuals to train for the position of police officer is concerned."

649 F. App'x at 176-77.

Under state law, the City simply could not hire Gibbs if he failed the psychological exam. Passing that exam was a "prerequisite," regardless of how able Gibbs was to perform the essential functions of the job. In other words, as the court of appeals explained in *Cook*, he has not alleged sufficient facts to show that he was "qualified" for the position.

The court of appeals, however, suggested in *Cook* that a plaintiff might be able to state a viable claim by articulating facts regarding bias in the statutorily-required psychological examination. 649 F. App'x at 177. Gibbs did not do so. There are no facts pled about the selection of the examining psychologists or about any pressure or policy imposed on the examining psychologists by the City regarding ADHD. The complaint indicates that the decision to rate Gibbs qualified or not qualified was made by the psychologists, not the City. ¶ 28. Gibbs makes only vague, speculative, conclusory legal arguments about the City's alleged discrimination. The fact that one of the examining psychologists recommended Gibbs undercuts any inference of systemic bias. The complaint will be dismissed without prejudice to Gibbs' ability to file an amended complaint if there are factual allegations that would suggest the City selected the psychologists because of their bias against persons with ADHD or influenced their decisions due to the City's policy or practice of bias or discrimination against persons with ADHD.

B. Gibbs is not "disabled"

Gibbs' standard disability claims also fail because on the face of the complaint, he is not "disabled." Gibbs pleaded that "his ADHD had never previously rendered him unqualified for any position in the military or law enforcement," Complaint ¶ 37. In *Collins v. Prudential Investment & Retirement Services*, 119 F. App'x 371, 378-79 (3d Cir. 2005), the court affirmed an alternative holding that the plaintiff was not "disabled" because his ADHD was corrected with medication. The same analysis governs this case. Gibbs' ADHD does not prevent him from excelling in his positions in the military and law enforcement.

At oral argument, plaintiff's counsel recognized this impediment to a standard disability theory and explained that his primary focus was a "regarded as" claim. To plead the elements of a "regarded as" claim, an individual must aver: (1) a physical or mental impairment that does not substantially limit major life activities but is treated by the covered entity as constituting such

impairment; (2) a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) that he has no such impairment but is treated by his employer as having a substantially limiting impairment. 42 U.S.C. § 12102(3); *Strausser v. Gertrude Hawk Chocolate, Inc.*, No. 3:15CV2458, 2018 WL 1470796, at *5 (M.D. Pa. Mar. 26, 2018) (citing *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 187 (3d Cir. 1999) (citing 29 C.F.R. § 1630.2(l)) (emphasis and citations omitted)). Gibbs cannot make out a viable "regarded as" claim in this case, however, because he is not "qualified" for the position. As explained above, regardless of whether or not the City regarded Gibbs as able to perform the job, the City could not hire him because Pennsylvania law mandated that passing the psychological exam was a job prerequisite and Gibbs did not plead facts sufficient for the court to infer reasonably that there was bias that can be imputed to the City in the statutorily required psychological examination.

Gibbs argues that the City was required to "interactively engage" in a process to determine whether it could reasonably accommodate his ADHD. Gibbs cannot succeed on a "failure to accommodate" theory in a "regarded as" claim. The complaint establishes that when he takes his medication, there is no need for any accommodation because he excels as a law enforcement officer. The "failure to accommodate" theory does not apply to "regarded as" claims. As recently explained by the Third Circuit Court of Appeals: "an individual who demonstrates that [he] is "regarded as" disabled, but who fails to demonstrate that [he] is actually disabled, is not entitled to a reasonable accommodation." *Robinson v. First State Cmty. Action Agency*, No. 17-3141, 2019 WL 1431924, at *3 (3d Cir. Apr. 1, 2019).

Conclusion

Gibbs is a very sympathetic plaintiff and appears to have served his country and community with distinction. In essence, though, he is asking the court to second-guess the

expert opinion of the examining psychologists – without any factual allegations from which the court could reasonably infer that the City had a policy or practice that influenced the psychologists to be biased or discriminatory against him based on his ADHD or that the psychologists were hired because they were biased or discriminatory against persons with ADHD. *See McDonald v. Pa. State Police*, No. 02:09-CV-00442, 2012 WL 5381403, at *12 (W.D. Pa. Oct. 31, 2012), aff'd, 532 F. App'x 176 (3d Cir. 2013) (quoting *Diaz v. City of Philadelphia*, No. 11-671, 2012 WL 1657866 *13 (E.D.Pa.2012)) ("when dealing with the unique situation of police officers and issues related to their mental health [the court] would be ill-advised to second-guess the personnel decisions of a police department when it is deciding how it can use a police officer who suffers from mental health problems"). In accordance with the foregoing, the motion to dismiss (ECF No. 5) will be GRANTED and the complaint will be dismissed with leave to amend. If plaintiff does not file an amended complaint within thirty days, the case will be marked closed.

    An appropriate order follows.

May 3, 2019

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| **CHRISTOPHER GIBBS**, | ) CIVIL ACTION NO. 18-1563 |
|---|---|
| Plaintiff, | ) JUDGE JOY FLOWERS CONTI |
| v. | ) |
| **CITY OF PITTSBURGH.** | ) |
| Defendants. | ) |

## ORDER

AND NOW this 3rd day of May, 2019, in accordance with the memorandum opinion, it is hereby ordered that the motion to dismiss (ECF No. 5) is GRANTED. The complaint is DISMISSED without prejudice to plaintiff's opportunity to file an amended complaint. If plaintiff does not file an amended complaint within thirty days, the case will be marked closed.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge