IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER GIBBS**, | ) CIVIL ACTION NO. 18-1563 |
| Plaintiff, | ) JUDGE JOY FLOWERS CONTI |
| v. | ) |
| **CITY OF PITTSBURGH,** | ) |
| Defendants. | ) |

## **OPINION**

Pending before the court is a motion to stay proceedings pending a right to know request or a motion for limited discovery filed by Plaintiff Christopher Gibbs ("Gibbs") (ECF No. 34). Defendant City of Pittsburgh (the "City") filed a brief in response to the motion (ECF No. 36) and the motion is ripe for decision.[1]

Factual and Procedural Background

Gibbs alleges that he was deprived of a position on the City of Pittsburgh police force because of his Attention Deficit Hyperactivity Disorder ("ADHD"), in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act ("RA"), 29 U.S.C. § 701 et seq. On May 3, 2019, the court dismissed Gibbs' original complaint, holding that he failed to plead sufficient facts to plausibly establish (1) that he was qualified for the position; or (2) disabled. (ECF No. 19). The court authorized Gibbs to file an amended complaint on one narrow theory recognized by the United States Court of Appeals for the Third Circuit in *Cook v. City of Philadelphia*, 649 F. App'x 174 (3d Cir. 2016). Gibbs was required to

---
[1] Also pending, to be decided in a separate opinion and order, is a motion to dismiss the amended complaint in this case with prejudice (ECF No. 23). The motion is fully briefed.

1

plead facts to show that the City discriminated against him by either: (1) selecting examining psychologists because the City knew those psychologists would be biased based on Gibbs' ADHD; or (2) imposing pressure on the examining psychologists to reach an adverse decision based on Gibbs' ADHD. Gibbs filed an amended complaint and the City filed a motion to dismiss the case with prejudice.

Gibbs filed a Right to Know Act request, seeking production of the psychologists' reports. In the pending motion, Gibbs asks the court to refrain from ruling on the motion to dismiss until his Right to Know Act request is resolved. In the alternative, Gibbs asks the court to order the City to produce the psychologists' reports upon which it claims to have based its decision. Gibbs did not cite to any legal authority for either request.

The City does not object to a stay while the Right to Know request is pending. This aspect of Gibbs' motion will therefore be GRANTED. The case will be stayed until the court is notified that the Right to Know request is no longer pending. Gibbs shall file a notice to the court within one week of the resolution of the Right to Know request.

The City does object, however, to any discovery. The City cites numerous decisions for the proposition that discovery cannot be used to fix shortcomings in the complaint. Rule 11 requires a plaintiff to conduct a reasonable inquiry <u>before</u> filing a lawsuit. *See, e.g., Gross v. Stryker Corp.*, 858 F. Supp. 2d 466, 504 (W.D. Pa. 2012) ("the Court finds Plaintiff's request for discovery to be inapposite to Rule 8 and Rule 11(b) of the Federal Rules of Civil Procedure"). The court in *Gross* cited the Supreme Court's comment in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), that a conclusory complaint "does not unlock the doors of discovery." The court also quoted *Timmons v. Linvatec Corp.*, 263 F.R.D. 582, 585 (C.D.Cal.2010), for the proposition that "a plaintiff who fails to meet the pleading requirements of Rule 8 is not entitled to conduct discovery with the hope that it might permit [him] to state a claim." *Accord Iqbal*, 556 U.S. at

686 (if a "complaint is deficient under Rule 8, [plaintiff] is not entitled to discovery, cabined or otherwise.").

In this case, Gibbs' first complaint failed to state a valid claim and the viability of Gibbs' amended complaint is being challenged. The City's motion to dismiss the amended complaint in its entirety, with prejudice, is pending. Under these circumstances, Gibbs' request for discovery, however cabined, is premature, particularly when Gibbs has asked the court to refrain from ruling on the City's motion. This aspect of Gibbs' motion will be DENIED.

Conclusion

In accordance with the foregoing, the motion to stay proceedings pending a right to know request or motion for limited discovery filed by Gibbs (ECF No. 34) will be GRANTED IN PART AND DENIED IN PART. The case will be stayed until the Right to Know request is no longer pending. During that period this case will be administratively closed without prejudice to the case being reopened upon Gibbs' attorney filing a notice to the court and a request to reopen the case within one week of the resolution of the Right to Know request. Gibbs' request for discovery prior to resolution of the pending motion to dismiss the amended complaint will be DENIED.

An appropriate order follows.

September 5, 2019.

BY THE COURT:

/s/ Joy Flowers Conti  
Joy Flowers Conti  
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER GIBBS**, | ) | CIVIL ACTION NO. 18-1563 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **CITY OF PITTSBURGH.** | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

AND NOW this 5th day of September, 2019, in accordance with the memorandum opinion, it is hereby ordered that the motion to stay proceedings pending a right to know request or motion for limited discovery filed by Plaintiff Christopher Gibbs (ECF No. 34) is GRANTED IN PART AND DENIED IN PART, as follows:

(1) the case is STAYED until the Right to Know request is no longer pending; and

(2) Gibbs' request for discovery prior to resolution of the pending motion to dismiss the amended complaint is DENIED.

This case will be administratively closed without prejudice to the case being reopened upon Gibbs' attorney filing a notice to the court and a request to reopen the case within one week of the resolution of the Right to Know request.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge