# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER GIBBS**, | ) CIVIL ACTION NO. 18-1563 |
| Plaintiff, | ) JUDGE JOY FLOWERS CONTI |
| v. | ) |
| **CITY OF PITTSBURGH,** | ) |
| Defendants. | ) |

## OPINION

Pending before the court is a motion to dismiss the amended complaint in this case with prejudice (ECF No. 23) filed by defendant City of Pittsburgh (the "City"), with brief in support. Plaintiff Christopher Gibbs ("Gibbs") filed a brief in opposition to the motion (ECF No. 29) and the motion is ripe for decision.

On May 3, 2019, the court dismissed Gibbs' original complaint, but authorized Gibbs to file an amended complaint. Gibbs did so and the City filed a renewed motion to dismiss the amended complaint, which was fully briefed (ECF Nos. 23, 24, 29, 32). In August 2019, Gibbs filed a motion to stay the case pending the outcome of a right to know request, which the court granted (ECF No. 37). On January 6, 2020, Gibbs informed the court that his right to know request had been denied, negotiations to amicably resolve the issue were unsuccessful, and the case should be reopened to resolve the motion to dismiss. The City consented to Gibbs' motion to reopen the case. On January 7, 2020, the court lifted the stay.

Factual and Procedural Background

Gibbs alleges that he was deprived of a position on the City of Pittsburgh police force because of his Attention Deficit Hyperactivity Disorder ("ADHD"), in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act ("RA"), 29 U.S.C. § 701 et seq. On May 3, 2019, the court dismissed Gibbs' original complaint, holding that he failed to plead sufficient facts to plausibly establish (1) that he was qualified for the position; or (2) disabled. (ECF No. 19). The court authorized Gibbs to file an amended complaint on one narrow theory recognized by the United States Court of Appeals for the Third Circuit in *Cook v. City of Philadelphia*, 649 F. App'x 174 (3d Cir. 2016). Specifically, the court stated:

> Under state law, the City simply could not hire Gibbs if he failed the psychological exam. Passing that exam was a "prerequisite," regardless of how able Gibbs was to perform the essential functions of the job. In other words, as the court of appeals explained in *Cook*, he has not alleged sufficient facts to show that he was "qualified" for the position.
>
> The court of appeals, however, suggested in *Cook* that a plaintiff might be able to state a viable claim **by articulating facts regarding bias in the statutorily-required psychological examination**. 649 F. App'x at 177. Gibbs did not do so. There are no facts pled about the **selection of the examining psychologists or about any pressure or policy imposed on the examining psychologists by the City regarding ADHD**. The complaint indicates that the decision to rate Gibbs qualified or not qualified was made by the psychologists, not the City. ¶ 28. Gibbs makes only vague, speculative, conclusory legal arguments about the City's alleged discrimination. The fact that one of the examining psychologists recommended Gibbs undercuts any inference of systemic bias. The complaint will be dismissed without prejudice to Gibbs' ability to file an amended complaint **if there are factual allegations that would suggest the City selected the psychologists because of their bias against persons with ADHD or influenced their decisions due to the City's policy or practice of bias or discrimination against persons with ADHD**.

(ECF No. 19 at 6-7) (emphasis added).

The factual background was set forth more fully in the court's opinion of May 3, 2019, which dismissed Gibbs' original complaint. (ECF No. 19). That recitation is incorporated

herein and the court will focus on the new averments made in the Amended Complaint (ECF No. 20). The Amended Complaint asserts only "regarded as" claims under the ADA and RA.

Gibbs did not plead any facts in the Amended Complaint about the City's selection of the examining psychologists. He did not plead any facts about whether the examining psychologists had a preexisting bias against persons with ADHD. The examining psychologists were not identified and no information about their training, background or attitudes about ADHD was provided. Because the Amended Complaint is entirely silent about the selection process, it contains no facts about bias in the selection of the examining psychologists.

Only one averment arguably relates to the theory that the City "influenced [the examining psychologists'] decisions due to the City's policy or practice of bias or discrimination against persons with ADHD." Gibbs averred: "Prior to the psychological interviews, Pittsburgh disclosed to all the psychologists that Mr. Gibbs is diagnosed with ADHD." Amended Complaint ¶ 27. Gibbs pleaded that he "also disclosed his ADHD diagnosis to each psychologist." Amended Complaint ¶ 28. There are no allegations that the City, beyond the mere disclosure of the ADHD diagnosis, attempted to influence the psychologists' evaluation. In paragraph 30, Gibbs alleged that "the psychologists" intentionally focused on time periods when Gibbs was not taking ADHD medication, but there is no allegation that the City directed or participated in any way in that focus.

Legal Analysis

The court granted leave to amend on only one narrow theory – systemic bias in the statutorily-required psychological examination process. (ECF No. 19 at 7). Gibbs was required to plead facts to show that the City discriminated against him by either: (1) selecting examining psychologists because the City knew those psychologists would be biased based on Gibbs' ADHD; or (2) imposing pressure on the examining psychologists to reach an adverse decision

based on Gibbs' ADHD. The court did not give Gibbs leave to reiterate his contentions about the City's alleged duty to perform an individualized assessment or engage in an interactive process to determine whether Gibbs posed a direct threat to the community.[1] *See* Amended Complaint ¶¶ 41-54.

In the Amended Complaint, there are still no factual allegations from which the court could plausibly infer that the psychologists were selected because they were biased or discriminatory against persons with ADHD or that the City influenced the psychologists to be biased or discriminatory against Gibbs based on his ADHD. There are no averments at all about how or why the examining psychologists were selected. There are also no averments in the Amended Complaint about how the City improperly influenced the decision of the examining psychologists. Gibbs pleads that the City "disclosed" his ADHD diagnosis (as did Gibbs himself), but there are no allegations that the City forced or pressured the examining psychologists to reach a particular result based on that ADHD. The fact that one of the examining psychologists found Gibbs qualified (Amended Complaint ¶ 33), undercuts any inference of improper influence by the City. In sum, there are no allegations of systemic bias in the psychological evaluation process.

The court adheres to its conclusion that Gibbs cannot make out a viable "regarded as" claim because he is not "qualified" for the position. As explained in the May 3, 2019 opinion, regardless whether or not the City regarded Gibbs as able to perform the job, the City could not hire him because Pennsylvania law mandated that passing the psychological exam was a job prerequisite. 37 Pa. Code § 203.11(a)(7). *See Cook*, 649 F. App'x at 174. Gibbs did not plead facts in the Amended Complaint sufficient for the court to plausibly infer that there was bias that

---

[1] The court declines to reconsider its conclusion that the City need not perform an individualized evaluation. (ECF No. 19 at 6.) Reconsideration is appropriate only if there is: (1) an intervening change in the controlling law; (2) new evidence that was not available when the court granted the original motion; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014).

can be imputed to the City in the statutorily required psychological examination.

Leave to Amend

The court provided clear guidance in its May 3, 2019 opinion about the averments that would be necessary to state a cognizable claim. Gibbs was unable to do so. His right to know request was fully explored. It is apparent that further efforts to amend would be futile and inequitable. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Conclusion

As the court previously noted, Gibbs is a very sympathetic plaintiff and appears to have served his country and community with distinction. In essence, though, he is asking the court to second-guess the expert opinion of the examining psychologists – without any factual allegations from which the court could reasonably infer that the City had a policy or practice that influenced the psychologists to be biased against him based on his ADHD or that the City selected the examining psychologists because the City knew those psychologists were biased against persons with ADHD.

In accordance with the foregoing, the motion to dismiss the Amended Complaint (ECF No. 23) will be GRANTED and the Amended Complaint will be dismissed with prejudice. The case will be marked closed.

An appropriate order follows.

February 10, 2020.

                                                BY THE COURT:

                                                /s/ Joy Flowers Conti
                                                Joy Flowers Conti
                                                Senior United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER GIBBS**, | ) CIVIL ACTION NO. 18-1563 |
| Plaintiff, | ) JUDGE JOY FLOWERS CONTI |
| v. | ) |
| **CITY OF PITTSBURGH.** | ) |
| Defendants. | ) |

## **ORDER**

AND NOW this 10th day of February, 2020, in accordance with the memorandum opinion, it is hereby ordered that the motion to dismiss the Amended Complaint (ECF No. 23) is GRANTED. The Amended Complaint is hereby dismissed with prejudice. The case will be marked closed.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge